IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ESTATE OF OTHELL MCADAMS II
BY AND THROUGH THE ADMINISTRATRIX
JOSEPHINE MCADAMS                                        PLAINTIFFS

VS.                                                No. 3:04CV225-D-A

MARINER HEALTHCARE MANAGEMENT COMPANY                    DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendant's motion for summary judgment. Upon

due consideration, the Court finds that the motion shall be granted.

*A.  Factual Background*

The Plaintiffs originally filed this medical negligence action of November 5, 2004, in the

Circuit Court of Marshall County, Mississippi. The Plaintiffs allege that the Defendant provided

improper care and treatment while Othell McAdams was a resident at the Holly Springs Health and

Rehabilitation Center in Holly Springs, Mississippi. The Defendant removed the action to this Court

on December 10, 2004, citing diversity jurisdiction. The Plaintiffs did not file a motion to remand,

but did file an Amended Complaint on December 16, 2005.

Othell McAdams was a resident at Holly Springs Health and Rehabilitation Center from

January 8, 2002, through March 4, 2002. Holly Springs Health and Rehabilitation Center is a

nursing home in Holly Springs, Mississippi, that was operated by National Heritage Realty, Inc.

National Heritage Realty, Inc., is a subsidiary of Mariner Healthcare, Inc. Mariner Healthcare

Management Company is also a subsidiary of Mariner Healthcare, Inc.

Othell McAdams passed away on January 15, 2003. This complaint was filed on November

5, 2004, well over two years after he was a patient at the Holly Springs facility. The Plaintiffs allege that the Defendant failed to provide adequate care and employ enough nurses, certified nursing assistants, and other employees to adequately provide for the needs of its patients. The Plaintiffs allege that Othell McAdams was not properly turned in his bed and as a consequence developed bed sores. Those bed sores turned into decubitus ulcers that caused infection and a large amount of physical pain. The Plaintiff is suing for pain and suffering and permanent injury.

The Defendant has filed two prior partial summary judgment motions dated December 20, 2005. One motion seeks summary judgment on limiting the Plaintiffs' damages. The other motion seeks the Court to eliminate the Plaintiffs' punitive damages claim because the Defendant is currently in Chapter 11 Bankruptcy. In the current motion filed on December 22, 2005, the Defendant seeks the Court to grant summary judgment because the two-year statute of limitations ran before the filing of the Complaint, and the Defendant alleges that the Plaintiffs have failed to prove a prima facie case of medical negligence. The Defendant alleges that the Plaintiffs have failed to provide a medical expert to offer opinions in support of the Plaintiffs' case. Finally, on June 2, 2006, the Defendant filed another motion for summary judgment. In that motion, the Defendant alleges that the Plaintiffs failed to retain experts to support their case. The Defendant alleges that a nurse cannot give medical opinion testimony and that other physicians listed by the Plaintiff never provided expert reports as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The Defendant also moves for sanctions stating that the Plaintiff refused to voluntarily dismiss this case.

The Plaintiff responds that punitive damages should be excluded from the $500,000 cap on non-economic damages. In addition, the Plaintiff states granting summary judgment on the punitive damages claim violates public policy. The Plaintiffs argues that the Defendant misreads Rule 26(a)(2)(b) and that reports for experts could not be issued until the Defendant released certain

records. In addition, the Plaintiffs intend to call the treating physicians, from whom no special report is required. Also, the Plaintiffs will call Suellyn Hunt to testify only to the breach of the standard of nursing care. Finally, the Plaintiffs state that the original complaint, dismissed on September 1, 2004, was dismissed because the incorrect Defendant was named. The Plaintiffs weakly argue that the medicare website produced the wrong name of the facility of which McAdams was resident. In addition, the Plaintiffs claim that the statute of limitations should be tolled for the excusable reason of naming the wrong party.

The Court will take all of Defendant's motions for summary judgment and consider them at this time. The Court will also take up the Defendant's motion for sanctions.

## B. Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing . . . that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

<u>Celotex Corp.</u>, 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273.  Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant.  <u>Matsushita Elec. Indus. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

## C.  Discussion

The Mississippi Code provides that "No claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm . . . for injuries or wrongful death arising out of the course of medical, surgical, or other professional services unless it is filed within two years of the date of the alleged act, omission, or neglect shall or with reasonable diligence might have been first known or discovered."  Miss. Code Ann. § 15-1-36 (1972).  The two-year statute of limitations does not begin to run until the patient discovers or should have discovered that he has a cause of action.  <u>Johnson ex rel. Johnson v. Blackwood</u>, 919 So. 2d 1053, 1056 (Miss. Ct. App. 2005).  The focus is on the time that the patient discovers or should have discovered that he had an injury.  <u>Smith v. Sanders</u>, 485 So. 2d 1051, 1052 (Miss. 1986).  The operative time begins when the patient can reasonably be held to the knowledge of the injury, the cause of the injury, and the relationship between the injury and the conduct of the medical practitioner.  <u>Id</u>.

Othell McAdams was a patient at Holly Springs Health and Rehabilitation Center between January 8, 2002, through March 4, 2002.  It is a reasonable assumption that the Plaintiffs knew or should have known that Othell McAdams suffered injuries no later than March 4, 2002.  The Plaintiffs do not dispute this in any of their filings.  Thus, in order to meet the statute of limitations, the Plaintiff must have filed this action no later than March 4, 2004.  The Plaintiffs mention an earlier lawsuit that was dismissed and the Defendant provides that this action was filed on April 13, 2004, a full month after the statute of limitations ran.  Thus, the Plaintiffs are barred by the statute

of limitations. The only way to survive the statute of limitations is to allege fraudulent concealment or some other excusable reason. The Plaintiffs stated to the Court that the medicare website provided the wrong name of the facility. However, the Plaintiffs never filed a lawsuit until April 13, 2004. In addition, the Plaintiffs never alleged fraudulent concealment on the part of the Defendant. Thus, the Court finds that the Plaintiffs fail to assert an excusable reason for not filing the action prior to the expiration of the statute of limitations; thus, the Plaintiffs' claims are barred. Therefore, there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law.

In light of the foregoing discussion, the Court will not proceed with any further legal analysis. The Court will grant the current motion for summary judgment and deny the other motions for summary judgment as moot. In addition, the Court finds that the Defendant's motion for sanctions is meritless and shall be denied.

### D. Conclusion

Upon review of all the pleadings, the Court finds that the Plaintiffs' claims against the Defendant are barred by the applicable statute of limitations. Thus, the Court will grant the Defendant judgment as a matter of law. In addition, the Court finds that the Defendant's other motions for summary judgment are moot. Finally, the Court finds the Defendant's motion for sanctions is meritless.

A separate order in accordance with this opinion shall issue this day.

This the 12th day of June 2006.

/s/ Glen H. Davidson
Chief Judge